**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4400**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CALVIN NORRIS HERRON, JR., a/k/a CJ, a/k/a Calvin N. Herron, Jr.,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-cr-00023-JPB-MJA-9)

Submitted: December 19, 2017          Decided: December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lary D. Garrett, GARRETT & GARRETT ATTORNEYS AT LAW, Moorefield, West Virginia, for Appellant. Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Norris Herron, Jr., appeals the 108-month sentence imposed following his guilty plea to distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012). On appeal, counsel for Herron has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but questioning whether Herron's sentence is substantively reasonable. Although notified of his right to do so, Herron did not file a pro se supplemental brief. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We "must first ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Id.* at 51. If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Id.* The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The district court imposed a sentence at the low end of the correctly calculated Guidelines range. In rejecting Herron's request for a downward variance, the court stated that Herron's lengthy criminal history, punctuated by violent conduct, did not warrant a below-Guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). Because Herron has not

demonstrated that his sentence "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *Louthian*, 756 F.3d at 306. We therefore conclude that Herron's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Herron, in writing, of the right to petition the Supreme Court of the United States for further review. If Herron requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Herron.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*